UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80825-ROSENBERG

JOSE ANGEL LAMAZARES,

    Plaintiff,

v.

TOWN OF HAVERHILL,

    Defendant.
_____/

### ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Defendant Town of Haverhill's Motion to Dismiss at docket entry 19. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

The Plaintiff is a resident property owner in the Town of Haverhill. DE 15 a 1. In December of 2022 and January of 2023, the Plaintiff held parties on his property. *Lamazares v. Town of Haverhill*, 50-2023-CA-002141, DE 14.[1] Noise from the Plaintiff's parties resulted in several neighbors filing formal complaints with the Town. *Id.* The formal complaints resulted in a hearing presided over by a special master. *Id.*

At the hearing, the neighbors testified and provided video and audio recordings of "the music and karaoke singing" that emanated from the Plaintiff's property. *Id.* at 218. The neighbors "described the music . . . as loud and overwhelming . . . . [and] was audible inside the neighbor's homes even with doors and impact windows closed and the air conditioning unit operating." *Id.;* *see also id.* at 46 ("[T]here has been a lot of times where it's just like a solid bass coming into my

---

[1] Because the Town relies upon the state court appellate case (filed in the Fifteenth Judicial Circuit in and for Palm Beach County) as a basis for its Motion to Dismiss, the Court has reviewed the appellate docket. The Court sets forth facts from the state court appellate record for background informational purposes, and to provide context to its ruling.

house, rattling my walls. It's to a point where I can't sleep at night or my child can't stay asleep at night.").

The Town, through the special master, found the Plaintiff to be in violation of the local noise ordinance and fined the Plaintiff. DE 15 at 7. In response, the Plaintiff filed an appeal with the Fifteenth Judicial Circuit, in and for Palm Beach County. After requesting and receiving several extensions of time to file his appellate brief, the Plaintiff instituted the current federal proceeding, wherein the Plaintiff sought an emergency temporary restraining order to prevent the Town from applying its noise ordinance to him, arguing that the noise ordinance was unconstitutionally vague. After this Court denied the Plaintiff's emergency request for a temporary restraining order, the Plaintiff filed his initial brief in his state appellate proceedings.

At the same time the Plaintiff's appeal was pending, the Plaintiff was accused of violating the noise ordinance a second time. DE 15 at 7. After the Plaintiff filed his complaint in federal court, however, the Town cancelled the scheduled hearing on the second violation. *Id.* Soon thereafter, the Town filed the Motion Dismiss before this Court, requesting that this case be dismissed pending the resolution of the Plaintiff's state proceedings.

The Town's request for dismissal is based upon the *Younger* abstention doctrine. Under that doctrine, there are two primary kinds of state court proceedings that warrant federal court abstention: state criminal proceedings and state civil enforcement proceedings. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 68, 70 (2013). State civil enforcement proceedings warrant federal abstention when: (1) the state administrative proceeding is pending, (2) the proceeding involves important state interests, and (3) the state proceedings afford adequate opportunity to raise constitutional issues. *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986).

The Plaintiff does not argue that his state proceeding is not currently pending, the first element for *Younger* abstention. The Plaintiff similarly does not argue that the Town lacks an important interest in enforcing its noise ordinance, the second element for abstention. And the Plaintiff does not argue that the state appellate court does not afford him an adequate opportunity to raise constitutional issues, the third element for abstention. Indeed, the Plaintiff has requested that the state appellate court find the Town's noise ordinance is unconstitutional in his initial brief.

What the Plaintiff does argue is that his own interest in declaring the noise ordinance is unconstitutional is also important, and he argues that the instant suit has nothing to do with the Town's proceedings against him in state court. In making this argument, the Plaintiff attempts to argue that the state court proceeding involves constitutionality and the first noise ordinance violation, while the instant proceeding involves constitutionality and the second noise ordinance violation. The Court finds this to be a distinction without a difference for two reasons.

First, the noise ordinance in this case and in the pending state court proceeding are the same. The parties are the same. The arguments are the same. The lawyers are the same. And the requested relief—complete, facial invalidation of the noise ordinance—is the same. The Court is not persuaded that *Younger* abstention cannot or does not apply because the Plaintiff's federal court challenge goes only to the constitutionality of the noise ordinance, while his state court challenge goes to constitutionality and other issues (and facts) as well.

Second, any finding in the instant case that the noise ordinance is unconstitutional would interfere with on-going state civil enforcement proceedings, like the case of *Watson v. Florida Judicial Qualifications Commission*. No. 14-60306, 2014 WL 11429280 (S.D. Fla. Feb 9, 2014). In *Watson*, the plaintiff was a former state court judge facing allegations of professional misconduct stemming from her role in in the settlement of certain insurance claims. *Id.* at *1. While her judicial disciplinary proceedings were pending, the plaintiff filed a declaratory action

in federal court, requesting that the federal court find the state proceedings were based upon unconstitutional law—just like the instant case. *Id*; *see also* 14-60306, DE 1. The plaintiff also sought injunctive relief that would prevent future enforcement proceedings against her—just like the instant case. *Id.* The district court declined to grant injunctive relief and applied the *Younger* abstention doctrine to the plaintiff's case. *Id.* The plaintiff appealed.

On appeal, the circuit court affirmed the trial court's *Younger* abstention. 618 F. App'x 487, 491 (11th Cir. 2015). The circuit court found: "We have indicated that *Younger* abstention may apply to § 1983 claims raising constitutional challenges relating to an ongoing state proceeding." *Id.* Relatedly, the circuit court noted that the *Younger* abstention doctrine applies to claims for declaratory relief "that would effectively enjoin state proceedings," citing *Old Republic Union Insurance Co. v. Tillis Trucking Co.*, 124 F.3d 1258 (11th Cir. 1997).

In *Old Republic*, an insurer was not a party to an underlying state court case on liability. *Id.* at 1260. The insured lost in the case, however, and the plaintiff obtained a judgment against the insured for $7,000,000. *Id.* In response, the insurer—Old Republic—filed a federal declaratory action, seeking a declaration that the state law used to obtain the judgment against its insured was unconstitutional. *Id.* The plaintiff who obtained the judgment then instituted a second case in state court to collect payment on its judgment, this time naming Old Republic as a defendant. *Id.* The federal district court dismissed the declaratory action brought by Old Republic, recognizing that "a declaration that the [state law] is unconstitutional would have the effect of enjoining the state court from enforcing the" judgment and from entertaining any future action against Old Republic. *Id.* at 1261. The district court's *Younger* abstention and dismissal were affirmed on appeal in a published opinion. *Id.*

Here, the instant Plaintiff's request for relief is much the same. If this Court were to declare that the Town's noise ordinance is unconstitutional, it would "effectively enjoin" the state court

from further prosecution of the Plaintiff's noise violation and from future actions against the Plaintiff—violations that the Town is clearly contemplating given its previously scheduled hearing on the Plaintiff's alleged second noise violation. *See New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as a sovereign.").

For all of the foregoing reasons, *Younger* abstention is appropriate. Just as in *Old Republic*, the Court abstains by dismissing the Plaintiff's case without prejudice, and the Town's Motion to Dismiss [19] is **GRANTED**.[2] The Clerk of the Court shall **CLOSE THIS CASE** and all other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 25th day of July, 2023.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[2] The Town's Motion to Dismiss raised other issues not addressed in this Order. For example, the Town requests abstention under the *Colorado River* doctrine. The Court expresses no opinion on any issue other than *Younger* abstention.